IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDRY DWIGHT WISE,<br><br>    Petitioner,<br><br>vs.<br><br>EDWARD ALAMEIDA, et al.,<br><br>    Respondent. | Case No. CV F-01-5560 JKS<br><br><br>O R D E R |

  Audry Wise was convicted in California state court of burglary and sentenced to a term of imprisonment. His conviction was affirmed on appeal. He then brought this proceeding pursuant to 28 U.S.C. § 2254. The Court finds that Wise has exhausted his state remedies. The facts are fully set out in the opinion of the California State Court of Appeal and need not be repeated here.

  Wise's petition post-dates the April 24, 1996, enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which governs federal court procedure for habeas corpus petitions. AEDPA permits a federal court to grant relief in habeas petitions only if the state court's decision: (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). "The first prong applies both to questions of law and to mixed questions of law and fact, while the second prong applies to decisions based on factual determinations." *Davis v. Woodford*, 384 F.3d 628, 637 (9th Cir. 2004) (citations omitted). A state court's determination is "'contrary to' federal law if the state court (1) 'applies a rule that contradicts the governing law' set forth in Supreme Court case authority or (2) applies controlling law to a set of

facts that are 'materially indistinguishable' from a Supreme Court decision but nevertheless reaches a different result." *Ortiz-Sandoval v. Clarke*, 323 F.3d 1165, 1169 (9th Cir. 2003) (citing and quoting *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)). A state court's decision is an "unreasonable application" of federal law if it is "objectively unreasonable," which "requires the state court decision to be more than incorrect or erroneous." *Lockyer*, 538 U.S. at 75; *see also Campbell v. Rice*, 408 F.3d 1166, 1170 (9th Cir. 2005) (en banc) (discussing standards).

Wise complains that the trial court erred in denying his motion to suppress certain evidence which he contends was used against him at trial in violation of his Fourth Amendment rights. Wise challenged the evidence in a suppression motion and a hearing was held. The motion to suppress was denied and the denial was affirmed on appeal. Under these circumstances the Court lacks jurisdiction over this claim. *See Stone v. Powell*, 428 U.S. 465 (1976).

Wise next argues that he received ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984). The California Court of Appeal held that Wise failed to satisfy either prong of the two-prong test. He did not show that counsel's actions fell below the proper standard and he failed to show prejudice. The Court agrees that the evidence against Wise was overwhelming.

Finally, Wise argues that the trial court violated his Sixth Amendment right to self representation under *Faretta v. California*, 422 U.S. 806 (1975), when it denied his demand to proceed pro se. Wise voiced his wish to represent himself on the day set for trial after his request to substitute counsel was denied. The California Court of Appeal affirmed denial of Wise's demand on the grounds of timeliness. In a series of pre-AEDPA decisions the Ninth Circuit adopted a bright line rule that such demands must be honored even if a delay in the trial will result so long as the demand is made before the jury is sworn. *See Moore v. Calderon*, 108 F.3d 261 (9th Cir. 1997). Wise's demand preceded the swearing of his jury. Nevertheless, the only Supreme Court case addressing the issue is *Faretta,* which did not establish a bright line rule. In *Faretta* the request came weeks before the date set for trial. Thus it appears that the Ninth Circuit's bright line rule is not firmly established federal law. It does appear that other circuits do not apply the bright line rule and would deny a demand to proceed pro se where, as here, it was made after the jury was

ORDER

summoned but before it was voir dired and sworn. *See, e.g., United States v. Young*, 287 F.3d 1352, 1353–54 (11th Cir. 2002) (denying demand where made after jury selected but before jury sworn and discussing cases from other circuits applying a variety of timeliness requirements).  Hence this Court cannot say that the California Court's decision adopting a different interpretation of *Faretta* than the Ninth Circuit was an unreasonable application of clearly established federal law.

**IT IS THEREFORE ORDERED:**

The motion for post conviction relief pursuant to 28 U.S.C. § 2254 is **DENIED**.  The Court is of the view that a certificate of appealability should be addressed now, rather than after Wise's petition and the issues it presents fade from memory.  The standard for granting a certificate of appealability has been stated as follows: "Where a district court has rejected the constitutional claims on the merits . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *United States v. Zuno-Arce*, 339 F.3d 886, 888–89 (9th Cir. 2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  The Court will grant a certificate of appealability only on the issue of whether Wise's *Faretta* rights were violated.  In all other respects the court will deny a certificate of appealability.  *See* 28 U.S.C. § 2253.  Wise may seek a certificate of appealability on the other issues directly from the Ninth Circuit Court of Appeals motions panel.

Dated at Anchorage, Alaska, this  3   day of August 2005.

                                                             /s/ James K. Singleton
                                                    **JAMES K. SINGLETON, JR.**
                                                         United States District Judge